**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01595-KLM

DIABLO MEDIA, LLC, a Colorado limited
liability company,

        Plaintiff,

   v.

DDR MEDIA, LLC dba Turtle Leads, a
Pennsylvania limited liability company,
KASE LOGIC, LLC, a Pennsylvania limited
liability company, WHITNEY BRADLEY, an
individual, and DOES 1 THROUGH 10,

        Defendants.

---

**PLAINTIFF DIABLO MEDIA, LLC'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO RESTRICT PUBLIC
ACCESS TO DOCUMENTS FILED IN SUPPORT OF ITS OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

---

**INTRODUCTION**

Plaintiff seeks to restrict public access to documents filed by Plaintiff in support of its opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendants have designated these documents as HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY pursuant to the Protective Order entered in this case, on the basis that they comprise or contain Defendants' trade secrets.

//

1

## BACKGROUND

Plaintiff brought this action against Defendants alleging tortious interference with contract and violations of the Federal Defendant Trade Secrets Act, 18 U.S.C. §1839(3), and Colorado's Uniform Trade Secrets Act, C.R.S. §§7-74-101, *et seq*. Defendants have filed a Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff now opposes Defendants' Motion, and seeks leave to restrict public access to certain documents filed in support of its opposition, as described more fully below.

## ARGUMENT

The public has an interest in judicial proceedings, including an interest in reviewing documents filed by the parties with a court. *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999). However, that interest may be overridden if there is good cause for sealing/restricting public access to part or all of a record. *See id.* The determination of good cause cannot be elided by allowing the parties to seal or restrict public access to whatever they want, for then the interest in publicity will go unprotected. *See id.* Rather, the court must be the primary representative of the public interest in the judicial process and it is duty-bound to review a request to seal or restrict public access to part of the record. *See id.* Thus, even when a protective order has been entered, a party must show good cause to file a document under seal or with public access restricted. *See In re Bank One Sec. Litig.*, 222 F.R.D. 582, 586 (N.D. Ill. 2004).

Where a document contains trade secrets or other information that would cause undue private or public harm if disclosed, as by invading personal privacy gratuitously, good cause exists to file that document (or the confidential portion of that document) under seal or with public access

2

restricted.  *See SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003).

Pursuant to D.C.Colo.LCivR 7.2(c) and the Protective Order entered in this case on January 18, 2022 [Dkt. No. 33] ("Protective Order"), Plaintiff seeks to restrict access to the following documents for the following reasons:

1) **Identity of the documents for which restriction is sought:** Plaintiff seeks to restrict access to the following documents:

   a. Exhibit K to the Declaration of Virginia Sanderson in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Sanderson Decl.")—Defendant DDR Media's Profit and Loss Statements for 2019, Bates-numbered DDR 000028-29;

   b. Exhibit L to the Sanderson Decl.—Defendant DDR Media's Profit and Loss Statement for 2020, Bates-numbered DDR 000026-27; and

   c. Exhibit M to the Sanderson Decl.—Defendant DDR Media's Profit and Loss Statement for 2021, Bates-numbered DDR 000030-31

   (collectively, "Defendants' Confidential Documents").

2) **Interest to be protected and why such interest outweighs the presumption of public access:** Pursuant to the Protective Order, Defendants have designated Defendants' Confidential Documents as CONFIDENTIAL, on the basis that they comprise or contain sensitive financial information. As noted in Paragraphs 12 through 14 of the Sanderson Decl., although Exhibits K, L and M do not bear the CONFIDENTIAL label, Defendants have produced other, non-Bates numbered copies that did. The law does not recognize an

absolute privilege for trade secrets and similar confidential information. *Gipson v. Sw. Bell Tel. Co.*, No. CIV A 08-CV-2017 KHV, 2008 WL 4712828, at *1 (D. Kan. Oct. 23, 2008). Rather, the party seeking to file under seal must demonstrate that the information in question is entitled to protection and that its disclosure might be harmful pursuant to Fed. R. Civ. P. Rule 26(c)(1)(G). *See Shepard v. Dineequity, Inc.*, No. CIV.A.08-2416-KHV, 2009 WL 3173723, at *1 (D. Kan. Sept. 30, 2009). Here, Defendants' interest in its trade secrets outweighs the presumption of public access because Defendants' profit and loss statements comprise or contain information about Defendants' income, receipt, and expenses. This information is traditionally sensitive and of little use to the public, and its disclosure to the public would cause harm to Defendants' competitive edge.

3) **Clearly defined and serious injury that would result if access is not restricted:** Defendants, as the parties who designated the profit and loss statements as CONFIDENTIAL, are in the better position to attest to their need for protection and the potential injury resulting from public disclosure. That said, Plaintiff acknowledges the financial records for a non-public entity are traditionally sensitive, maintained in a confidential manner, and public access to the same may result in loss of business opportunity. Plaintiff does not challenge the CONFIDENTIAL designation of these documents.

4) **Why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question:** No alternative to restriction is practicable because the entirety of Defendants' Confidential Documents contain sensitive financial information and redaction of the same would render the Confidential Documents unusable to the Court

4

or public. Similarly, Plaintiff cannot exclude Defendants' Confidential Documents from its opposition because they are the only evidence Defendants have produced in this litigation demonstrating their wrongful profits, and the amount of Plaintiffs' damages are a central issue raised by Defendants in their motion to dismiss.

5) **Level of restriction sought:** Plaintiff seeks a Level 1 restriction, limiting access to the parties and the Court.

## CONCLUSION

For the reasons set forth above, the Court should grant Plaintiff's Motion for Leave to Restrict.

Respectfully Submitted,
Dated: June 10, 2022

    **KRONENBERGER ROSENFELD, LLP**

    *s/Virginia Sanderson*
    Virginia Sanderson
    150 Post Street, Suite 520
    San Francisco, CA 94108
    Phone: (415) 955-1155
    ginny@krinternetlaw.com

    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this date a true and correct copy of the foregoing has been served on opposing counsel through the Court's Automated ECF system.

DATED:  June 10, 2022

                        _____s/Virginia Sanderson_____
                           Virginia Sanderson